IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONYO MONTEZ HARRIS,<br><br>Petitioner<br><br>v.<br><br>MICHAEL CLARK, et al,<br><br>Respondents | Case No. 1:19-cv-91<br><br>UNITED STATES MAGISTRATE JUDGE<br>RICHARD A. LANZILLO<br><br>ORDER ON RESPONDENT'S MOTION<br>TO DISMISS<br><br>ECF No. 15 |

I. Introduction

Petitioner Antonyo Montez Harris, an inmate incarcerated at the State Correctional Institution at Albion (SCI-Albion), initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 5. Petitioner is challenging the judgment of sentenced imposed upon him by the Court of Common Pleas of Venango County on November 21, 2016, at CP-61-CR-0000352-2016. *Id.* at 1. In his lone ground for relief, Harris contends that trial counsel rendered ineffective assistance by failing to convey a plea offer from the Commonwealth that was purportedly more favorable than the offer that he eventually accepted. *Id.* at 5.

On June 1, 2020, Respondents filed the instant motion to dismiss in lieu of an answer. ECF No. 15. Respondents maintain that Harris' claim has been procedurally defaulted. *Id.*

1

Harris filed a response to the motion to dismiss on July 16, 2020. ECF No. 19. This matter is ripe for disposition.[1]

II.     Background

On November 21, 2016, Harris pled guilty to one count of corrupt organizations, two counts of delivery of a controlled substance, and one count of criminal use of a communication facility. ECF No. 15-2. In exchange for his plea, the Commonwealth dropped a host of additional charges. *Id.* at 2. On February 7, 2017, the trial court sentenced Harris to an aggregate sentence of ninety-three months to twenty-five years. *Id.* at 3.

On June 1, 2017, Harris filed a *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act (PCRA). *Id.* After appointing counsel and conducting an evidentiary hearing, the PCRA court denied Harris' petition. *Id.* While that ruling was on appeal, Harris filed a second *pro se* PCRA petition on February 13, 2019, in which he raised, for the first time, his claim that trial counsel had failed to convey a more favorable plea offer from the Commonwealth. ECF No. 15-3 at 4. The PCRA court denied Harris' second petition as untimely and the Superior Court affirmed, noting that, under Pennsylvania law, neither court had jurisdiction to address the untimely claims on the merits. *See* ECF No. 15-2. Harris did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On March 29, 2019, Harris filed the instant habeas petition. In his response to Respondents' motion to dismiss, Harris fully articulates the basis for his ineffective assistance of trial counsel claim as follows:

> The docket sheets relating to Harris's 42 codefendants clearly reflect that the state initially offered them plea bargains to plead guilty to lesser charges which would result in them receiving lesser sentences –

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

2

> regardless of the fact that the majority of the codefendants had several prior Felony convictions and were charged with additional unrelated felonies in conjunction with the corrupt organizations and related counts in this case, still resulted in them receiving much lesser sentences, i.e., plea agreements. . . . Moreover, the record depicts that Harris received a greater sentence than all 42 codefendants, despite, according to the state, that Harris only possessed with intent to distribute a total [$100] worth of heroin on two separate instances.

ECF No. 19 at 6. Relying entirely on the disparity between his own sentence and the sentences that his codefendants received, Harris speculates that the Commonwealth must have offered him an initial plea offer that was more advantageous than the offer he eventually accepted. Harris maintains that trial counsel's "failure to advise him of the state's initial offer to plead guilty to a lesser sentence" amounted to ineffective assistance of counsel. ECF No. 5 at 5.

III.   Analysis

As a general matter, a federal district court may not consider the merits of a habeas petition unless the petitioner has "exhausted the remedies available" in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner satisfies the exhaustion requirement "only if [he or she] can show that [they] fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). The purpose of the exhaustion requirement is to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

In order to "fairly present" a claim for exhaustion purposes, the petitioner must advance the claim's "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 280 (3d Cir. 2018) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A

3

petitioner may exhaust a federal claim either by raising it on direct appeal or presenting it in post-conviction PCRA proceedings. *O'Sullivan*, 526 U.S. at 845. Either way, the petitioner must present his federal constitutional claims "to each level of the state courts empowered to hear those claims." *Id.* at 847 ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"). "Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied." *Stoss v. Estock*, 2019 WL 2160464, at *3 (M.D. Pa. May 17, 2019) (citing *Castille v. Peoples*, 489 U.S. 346, 350 (1989)).

Although Harris attempted to present his ineffective assistance of trial counsel claim to the state courts in his second PCRA petition, the PCRA court dismissed that petition as untimely, precluding review on the merits. As such, Harris' claim runs afoul of an important corollary to the exhaustion requirement: the doctrine of procedural default. When a petitioner attempts to fairly present his claim to the state courts, but a state procedural rule bars the applicant from obtaining review, "the exhaustion requirement is satisfied" due to the lack of available state process, but the claims "are considered to be procedurally defaulted." *McKenzie v. Tice*, 2020 WL 1330668, at *5 (M.D. Pa. Mar. 23, 2020) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). *See also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of those claims "in the first instance."). So long as the state procedural rule at issue is "independent" of the underlying federal question and "adequate," meaning that it is "firmly established and regularly followed," *Ford v. Georgia*, 498 U.S. 411 424 (1991), the underlying claim may not ordinarily be reviewed by a federal

court. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule.") (citations omitted).

In the instant case, the relevant procedural rule, set forth in 42 Pa.C.S. § 9545(b), provides that a PCRA petition must ordinarily be filed "within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b). Courts have routinely held that Pennsylvania's statute of limitations for PCRA petitions is an adequate and independent state procedural rule. *See, e.g., Marcy v. Warden, SCI Graterford*, 2020 WL 1904466, at *5 (M.D. Pa. Apr. 17, 2020) (noting that the PCRA's time bar rests on adequate and independent state law procedural grounds); *Campell v. Pennsylvania*, 2019 WL 1051204, at *1 (M.D. Pa. Jan. 30, 2019) (same). Accordingly, unless Harris can demonstrate circumstances that would serve to excuse the procedural default of his claim, he cannot obtain review in this Court. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002) (noting that the burden lies with a petitioner to demonstrate circumstances that would excuse a procedural default); *see also Coleman*, 501 U.S. at 750.

Harris attempts to meet this burden by invoking the United States Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). As a general matter, a petitioner seeking review of a procedurally defaulted claim must demonstrate either: (1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or (2) that the failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.[2] In *Martinez*, the Supreme Court held that ineffective representation by PCRA counsel can, in certain circumstances, satisfy the "cause" requirement necessary to overcome a defaulted claim of ineffective assistance of trial counsel. To fit within the *Martinez* exception, a petitioner

---

[2] Harris does not argue that a fundamental miscarriage of justice will occur if this Court does not consider his claim.

5

must establish: (1) that the underlying ineffective assistance of trial counsel claim is "substantial," meaning that it has "some merit," *Workman v. Sup't Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019); and (2) that PCRA counsel was "ineffective" within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984).

Turning first to the substantiality of his underlying constitutional claim, Harris must demonstrate that "reasonable jurists" could debate the merits his claim. *See Workman*, 915 F.3d at 938 (noting that the evaluation as to whether a claim has "some merit" is the same one that a federal court undertakes in considering whether to grant a certificate of appealability); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to obtain a certificate of appealability, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong"). He has failed to do so. A careful review of Harris' submissions reveals that his entire ineffective assistance of counsel claim stems from his discovery, derived from reviewing public docket sheets, that his codefendants received more favorable sentences than he did. Based exclusively on this observation, Harris posits that the Commonwealth must have tendered a similar plea offer to his own attorney at some point, but that counsel failed to advise him of it. His speculation in this regard, however, is entirely hypothetical. Harris has not adduced any evidence to support his claim; rather, he is simply guessing that a better offer might have been made at some point because *other* individuals ended up receiving lighter sentences. This type of supposition is insufficient to establish that the advice rendered by trial counsel with respect to his plea bargain was constitutionally deficient, particularly when counsel's performance must be viewed through the deferential lens of *Strickland*, 466 U.S. at 489 (noting that counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment").

Nor is Harris entitled to discovery or an evidentiary hearing to develop his claim. In the habeas context, where Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts authorizes discovery only with leave of the Court, the "burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir.2011). "[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir.1991). This is because "Rule 6 does not authorize what is commonly referred to as 'fishing expeditions.'" *Tedford v. Beard*, 2014 WL 4828873, at *3 (W.D. Pa. Sept. 29, 2014) ("It is not enough for a petitioner to speculate that the discovery he seeks might yield information that would support one of his claims or that it would give support to a new claim."). *See also Williams*, 637 F.3d at 210–11 (denying discovery requested that "amount[ed] to an entreaty to engage in a fishing expedition" because "[t]he law is clear . . . that such speculative discovery requests should be rejected"); *Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006) ("good cause for discovery cannot arise from mere speculation" or "on the basis of pure hypothesis"); *Rich v. Calderon*, 187 F.3d 1064, 1067–68 (9th Cir.1999) (noting that in habeas proceedings discovery is not "meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence.") (internal quotation marks omitted). Rather, the petitioner must "point to specific evidence that might be discovered that would support a constitutional claim." *Jette v. Glunt*, 2019 WL 3387048, at *1 (E.D. Pa. July 25, 2019) (quoting sources omitted).

Harris falls well short of this standard. Aside from making a general request for an evidentiary hearing, Harris has not identified any specific evidence that might be adduced in

7

discovery or attempted to demonstrate that a hearing might lead to relevant evidence to support his claim. His suspicions regarding a prior plea offer from the government are based entirely on "speculation" and "hypothesis" rather than supporting evidence. *Arthur*, 459 F.3d at 1311. As such, his request "is a textbook example of the type of 'fishing expedition' that is impermissible in federal habeas." *Tedford*, 2014 WL 4828873, at *12 (quoting *Williams*, 637 F.3d at 210–11).

Finally, Harris has not made any attempt to demonstrate actual prejudice arising from the alleged constitutional errors, having entirely failed to address this prong. This deficiency is independently fatal to his claim.

For each of these reasons, Respondents' motion to dismiss will be granted and Harris' habeas petition will be dismissed, with prejudice.

IV.    Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court concludes that jurists of reason would not find it debatable whether Harris' claims are procedurally defaulted. Accordingly, a certificate of appealability will be denied.

V.     Conclusion

For the reasons stated herein, Respondent's motion to dismiss [ECF No. 15] is GRANTED. Because Petitioner claim is procedurally defaulted, his petition is dismissed with prejudice, and no certificate of appealability should issue. The Clerk is directed to mark this case closed.

                                                                  RICHARD A. LANZILLO
                                                                  United States Magistrate Judge

Dated: November 18, 2020